UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THAL FLAM WENDROW, *et al.,*

    Plaintiffs,

v.

                                  Case No. 08-14324

                                  Hon. John Corbett O'Meara

MICHIGAN DEPARTMENT OF
HUMAN SERVICES, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION
## TO CERTIFY JUDGMENT AS FINAL

Before the court is Plaintiffs' motion to direct entry of final judgment as to certain claims so that they may pursue an interlocutory appeal pursuant to Fed. R. Civ. P. 54(b). In orders entered on March 20, 2011, and March 27, 2012, the court granted in part and denied in part Defendants' motions for summary judgment and reconsideration. The Walled Lake School District Defendants and the Department of Human Services Defendants have taken an interlocutory appeal as of right with respect to the court's denial of qualified immunity on certain claims. The court also dismissed some of Plaintiffs' claims; others, not subject to qualified immunity defenses, remain to be tried. In light of the complexity of this case, the court found that judicial economy warranted the stay of the entire action pending the outcome of the appeal. See Docket No. 331. This decision arose out of a concern that the court and the parties could be in a position of trying a complex and lengthy case twice.

This same concern underlies the court's determination that certain of Plaintiffs' claims

are appropriately certified for appellate review at this time.  Pursuant to Fed. R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In this case, the court dismissed all of Plaintiffs' claims against Defendants Dean and Carley on absolute and qualified immunity grounds, as well as Plaintiffs' municipal liability claim under § 1983 against Oakland County.  Plaintiffs seek Rule 54(b) certification so that they may immediately appeal this determination.

When determining whether Rule 54(b) certification is appropriate, the court considers the following non-exhaustive list of factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial; frivolity of competing claims, expense, and the like.

Corrosioneering, Inc. v. Thyssen Environ. Sys. Inc., 807 F.2d 1279, 1283 (6th Cir. 1986).  In this case, the Sixth Circuit will already be considering whether the court's denial of qualified immunity to certain defendants was appropriate; it would serve judicial economy for the appellate court to consider whether the court properly granted immunity to Defendants Dean and Carley at the same time.  If certification is granted, the Sixth Circuit will review and consider same factual record once.  Further, obtaining review on all of the immunity issues at this time will serve to clarify which defendants shall be subject to trial and avoid the potential of two

lengthy, complex, and costly trials.

The need for the Sixth Circuit to review the court's grant of immunity to Dean and Carley will not be mooted by future developments in this court. However, as noted above, if certification is not granted the Court of Appeals will need to consider Plaintiffs' appeal of the dismissal of their claims against Dean and Carley at a later date, reviewing the same factual record a second time. Requiring Plaintiffs to wait until after the pending appeals are resolved, then after trial is concluded, to appeal the dismissal of Dean and Carley will cause needless delay. Indeed, courts have found that, where an appeal of the denial of qualified immunity is already pending, an appeal of a decision granting qualified immunity as to other claims or defendants is appropriately certified under Rule 54(b). See Marcilis v. Redford Twp., 2011 WL 284466 (E.D. Mich. Jan. 25, 2011); Mott v. Lucas, 2011 WL 3705131 (N.D. Ohio, Aug. 23, 2011); Abdulsalaam v. Franklin Bd. of Comm'rs, 2009 WL 2899886 (S.D. Ohio, Aug. 31, 2009). Under the circumstances of this case, the court finds no just reason to delay Plaintiffs' appeal.

Plaintiffs' municipal liability claim against Oakland County is intertwined with Plaintiffs' claims against Dean and Carley, as Plaintiff is seeking to impose municipal liability based upon Dean and Carley's conduct. Further, this claim is legally distinct from Plaintiffs' remaining claims against Oakland County (a failure to accommodate Plaintiff AW's disability under the ADA and Persons with Disabilities Civil Rights Act). Accordingly, the court determines that this claim should be certified as final under Rule 54(b) as well. If Plaintiffs' § 1983 claim against Oakland County is not certified, the Sixth Circuit would be in a position to review the factual and legal issues related to Dean and Carley's conduct a second time, when

Plaintiffs appeal the dismissal of the claim against Oakland County post-trial.

In their response brief, Defendants seek leave to appeal the court's denial of David Gorcyca's motion for summary judgment on Plaintiffs' defamation claim and the court's denial of Oakland County's motion for summary judgment on Plaintiffs' ADA and PWDCRA claims. These claims fall into a different category, however. Rule 54(b) "does not empower the district court to 'treat as "final" that which is not "final" within the meaning of [28 U.S.C.] § 1291." Corrosioneering, 807 F.2d at 1282 (citation omitted). The court's denial of a motion for summary judgment, in contrast to a grant of summary judgment dismissing a claim, is not generally a "final" order under § 1291. See, e.g., Harrison v. Ash, 539 F.3d 510, 516 (6th Cir. 2008) (noting denial of qualified immunity is immediately appealable, unlike most denials of summary judgment). The court is without authority to grant certification so that Defendants may appeal the denial of their motions for summary judgment.

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' motion to certify the court's dismissal of their claims against Defendants Dean and Carley and their § 1983 claim against Oakland County is GRANTED.

IT IS FURTHER ORDERED that a final judgment in favor of Defendants Dean and Carley, and in favor of Oakland County on Plaintiffs' § 1983 claim, shall be entered pursuant to Fed. R. Civ. P. 54(b).

                                      s/John Corbett O'Meara
                                      United States District Judge

Date:  February 6, 2013

   I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 6, 2013, using the ECF system.

                 s/William Barkholz
                 Case Manager