UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THAL FLAM WENDROW, *et al.,*

    Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
HUMAN SERVICES, *et al.*,

    Defendants.

_____/

Case No. 08-14324

Hon. John Corbett O'Meara

**ORDER REGARDING
MOTIONS IN LIMINE**

Before the court are several motions in limine filed by the parties.

**I.    Defendants' Motion to Preclude Any Claim of Damages by AW**

Defendants seek to preclude any claim of emotional distress damages by AW. Defendants argue that AW's emotional distress damages are speculative, particularly in light of her inability to communicate verbally. Essentially, Defendants argue that Plaintiffs will not be able to present sufficient evidence of AW's emotional distress. Plaintiffs contend that it is not procedurally proper to dispute the sufficiency of evidence in a motion in limine. The court agrees. *See Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). As the Sixth Circuit has explained, "a mechanism already exists in civil actions to resolve non-

evidentiary matters prior to trial – the summary-judgment motion.  Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment." Id.

Defendants' motion in limine to preclude any claim of damages by AW is denied.

## II. Defendants' Motion to Preclude Evidence of Prior Prosecutions

Defendants seek to preclude evidence regarding prior prosecutions brought by the Oakland County Prosecutor's Office, such as *People v. Perry*, and grievances related to those prosecutions.  Plaintiffs respond that they will not refer to prior prosecutions in their opening and may not attempt to introduce such evidence at all.  If necessary, the court will address the admissibility of such evidence after a foundation is laid in the context of trial.  Accordingly, Defendants' motion is denied without prejudice.

## III. Defendants' Motion to Preclude Evidence of Prior Statements by David Gorcyca

Defendants seek to preclude evidence of negative statements made by David Gorcyca about other criminal defendants.  Plaintiffs respond that they do not intend to elicit such evidence.  Accordingly, the court will deny Defendants' motion

without prejudice.

### IV. Defendants' Motion to Preclude Evidence that Defense Counsel Has Contributed to Plaintiffs' Mental Anguish

Defendants seek to preclude evidence that defense counsel has contributed to Plaintiffs' mental anguish. Plaintiffs respond that they do not intend to produce such evidence or make such a claim. Therefore, the court will deny Defendants' motion as moot.

### V. Plaintiff's Motion to Exclude Testimony of Shari Brooks

Plaintiffs have filed a motion to exclude the testimony of Shari Brooks. Because Defendants have agreed not to mention this witness in their opening statement, the court will assess the admissibility of her testimony in the context of the evidence presented at trial. The court will deny Plaintiffs' motion without prejudice.

### VI. Plaintiffs' Motion to Exclude Testimony of Kathleen Faller

Plaintiffs seek to exclude the testimony of Defendants' expert, Kathleen Faller, a social worker. Faller's training is related to how and when children disclose circumstances surrounding abuse. Plaintiffs expect Faller's testimony to include that (1) Aislinn Wendrow was mentally capable of communicating abuse allegations and that she was communicating at a 10-year-old level; (2) Aislinn could communicate using facilitated communication ("FC"); (3) the medical

examination of Aislinn was consistent with sexual abuse; (4) what Aislinn described during the investigation was consistent with criminal sexual conduct; (5) Aislinn's parents engaged in sexual "boundary violations" by tolerating nudity and assisting her with bathing or dressing.  Essentially, Faller's testimony appears to be an attempt to justify the prosecution of the Wendrows.

      Faller's opinions do not meet the requirements of Fed. R. Evid. 702.  Her opinions regarding Aislinn's mental capacity and ability to communicate are contrary to the evidence in the record, are not based upon her personal examination of Aislinn, and are not within her area of expertise.  The same is true regarding Faller's view of the medical evidence.  Faller's opinion regarding whether certain evidence constitutes criminal sexual conduct is likewise not within her expertise and is irrelevant and unduly prejudicial.  Evidence regarding alleged sexual "boundary violations" is also irrelevant and more prejudicial than probative.

      The court will grant Plaintiffs' motion to exclude Faller's testimony.

**VII.   Plaintiffs' Motion to Exclude Testimony of Sarah Killips**

      Plaintiffs also seek to exclude the testimony of Sarah Killips, a social worker whom Defendants seek to present as an expert.  Similar to the testimony of Faller, Killips intends to testify that the prosecutors were justified in prosecuting the Wendrows.  Killips also intends to testify that "Mr. Wendrow's behaviors [bathing,

clothing, caring for Aislinn] would be expected to bolster the allegation of sexual abuse, encourage further investigation and increase potential for charges. . . . Chronic sexual boundary violations are consistent with grooming behavior and constitute a 'red flag' in the context of a sexual abuse investigation." See Pl.'s Br. at 5.

Again, these attempts to suggest that the Wendrows abused their children are irrelevant and more prejudicial than probative. Further, whether the prosecutors were justified in prosecuting the Wendrows or properly investigated this matter is outside of Killips's area of expertise.

The court will grant Plaintiffs' motion to exclude Killips's testimony.

## ORDER

IT IS HEREBY ORDERED that Defendants' motion to preclude any claim of damages by AW [Docket No. 406] is DENIED.

IT IS FURTHER ORDERED that Defendants' motions to preclude evidence of prior prosecutions and statements by David Gorcyca [Docket Nos. 403 and 404] are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendants' motion to preclude evidence that defense counsel contributed to Plaintiffs' mental anguish [Docket No. 405] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiffs' motion to exclude the testimony of Shari Brooks [Docket No. 410] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' motions to exclude the testimony of Kathleen Faller and Sarah Killips [Docket Nos. 408 and 409] are GRANTED.

s/John Corbett O'Meara<br>United States District Judge

Date: October 3, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 3, 2014, using the ECF system.

s/William Barkholz<br>Case Manager